UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY GRIGGS, 11B2588,

                    Petitioner,

    -vs-

JOHN LEMPKE,

                    Respondent.

No. 1:14-CV-01004 (MAT)
DECISION AND ORDER

---

## I. Introduction

Perry Griggs ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered June 9, 2011, in New York State Supreme Court, Erie County (Wolfgang, J.), following a jury trial in which he was convicted of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(3)). Petitioner, who was sentenced as a second felony offender, is currently serving a prison sentence of 15 years followed by five years post-release supervision.

## II. Procedural History

Following his conviction, petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued, as relevant here, that (1) the court erred in allowing evidence of prior bad acts; (2) the prosecutor committed misconduct on summation; and (3) defense counsel was ineffective for failing to object to prosecutorial misconduct.

On July 5, 2013, the Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Dupleasis, 112 A.D.3d 1318 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1074.[1] Specifically, the Fourth Department found that the trial court erred in admitting evidence of prior bad acts, but "conclude[d] that the error [was] harmless" because "[petitioner], by his own admission, possessed the loaded firearm," and his innocent possession defense was at odds with the trial evidence. Id. at 1063. The court summarily rejected petitioner's prosecutorial misconduct and ineffective assistance of counsel arguments, "conclud[ing] that [they did not] warrant[] modification or reversal." Id.

Petitioner filed a post-conviction motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that the evidence was legally insufficient and that the prosecutor committed misconduct. The trial court denied that motion on August 20, 2012, and the Fourth Department denied leave to appeal. Petitioner filed an application for a writ of error coram nobis with the Fourth Department on December 20, 2013, which application was denied on October 2, 2015. See People v. Griggs, 132 A.D.3d 1327 (2015), lv. denied, 26 N.Y.3d 1088.

---

[1] The Fourth Department modified the conviction by removing the DNA databank fee, which it found the trial court imposed in error. Dupleasis, 112 A.D.3d at 1320.

The instant petition (doc. 1) contends that (1) the trial court erred in allowing evidence of prior bad acts and (2) trial counsel was ineffective for failure to object to prosecutorial misconduct. For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

**A. Prior Bad Acts**

Petitioner contends that the trial court erred in allowing evidence of prior bad acts in the course of the testimony of petitioner's girlfriend. As discussed above, the Fourth Department

held that the admission of the prior bad acts constituted harmless error. Griggs, 108 A.D.3d at 1062. "A decision to admit evidence of a criminal defendant's uncharged crimes or bad acts under [People v. Molineux, 168 N.Y. 264 (1901)] constitutes an evidentiary ruling based on state law." Jones v. Conway, 2011 WL 1356751, *2 (W.D.N.Y. Apr. 4, 2011) (citing Sierra v. Burge, 2007 WL 4218926, *5 (S.D.N.Y. Nov. 30, 2007)). "As such, state court Molineux rulings are generally not cognizable on habeas review." Id. (citing Roldan v. Artuz, 78 F. Supp. 2d, 260, 276 (S.D.N.Y. 2000)).

Habeas relief is available for Molineux violations "only if the petitioner demonstrates that the alleged evidentiary error violated a constitutional right and that the error '[was] so extremely unfair that its admission violates fundamental conceptions of justice.'" Id. (quoting Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998)). Petitioner has made no such showing here. Accordingly, his claim regarding prior bad acts is dismissed.

**B.  Ineffective Assistance of Trial Counsel**

Petitioner contends that trial counsel was ineffective for failing to object to prosecutorial misconduct. Specifically, petitioner argues that the prosecutor committed misconduct when he made remarks on summation that: (1) disparaged the role of defense counsel; (2) misstated evidence; (3) misquoted testimony; (4) vouched for a police witness; (5) commented on petitioner's failure to testify; (6) appealed to the sympathies of the jury; and

4

(7) argued that bad character fit the prosecution theory. Doc. 1 at 29-35. Petitioner contends that the remarks amounted to "flagrant abuse" and the cumulative effect of all of these errors rendered his trial fundamentally unfair.

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). "Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.'" United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974)).

The Court has reviewed the record, including the summations of defense counsel and the prosecutor, and concludes that any errors made by the prosecutor did not deny petitioner a fair trial. Although the prosecutor's comments regarding the role of defense counsel in particular (to the effect that counsel's role was to put on "spin" on the evidence or "[d]ivert . . . attention," see T. 630-31) were improper, as a whole the comments made by the

prosecutor at summation did not have the cumulative effect of denying the petitioner a fair trial. Moreover, "[p]etitioner 'has failed to establish inherent or actual prejudice resulting from any of the alleged errors which are without question open to this cumulative-error analysis.'" Mulligan v. Griffin, 2016 WL 6248850, *8 (W.D.N.Y. Oct. 26, 2016) (quoting Collins v. Scully, 878 F. Supp. 452, 460 (E.D.N.Y. 1995) (footnote omitted)).

However, regardless whether counsel was deficient for failing to object to some or all of the prosecutor's remarks, petitioner cannot establish that counsel was ineffective because he has not demonstrated that the outcome would have been different but for counsel's errors. See, e.g., King v. Greiner, 453 F. App'x 88, 90 (2d Cir. 2011) ("Without addressing whether counsel was deficient in failing to object to the prosecutor's . . . summation, [petitioner] cannot prevail on his ineffective assistance of counsel claim because he has not demonstrated a substantial likelihood that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different."). Accordingly, petitioner's ineffective assistance claim is dismissed.

**V. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: June 1, 2017
Rochester, New York.